Lynn MARTIN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

ALL CARE REGISTRY, INC., a corporation, All Care Nursing Service Inc., a corporation, and William Halperin, individually and as President, Defendants.

No. CV 92–5377.

United States District Court, E.D. New York.

June 7, 1993.

United States Department of Labor by Mark Sheris, New York City, for plaintiff.

Lazer, Aptheker & Feldman by Robin S. Abramowitz, Melville, NY, for defendants.

WEXLER, District Judge.

The Secretary of Labor ("plaintiff") has brought suit against All Care Registry, Inc. ("All Care") and related defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.,* claiming that 438 persons were employees of All Care and therefore entitled to overtime payments from defendants. The primary issue in the case is whether these 438 people were employees of All Care or independent contractors.

On or about February 24, 1993, without consulting defendants, plaintiff sent address verification letters to the aforementioned people informing them of the pending action, stating that they may be called as witnesses, and requesting current addresses and phone numbers. Subsequently, defendants appeared before Magistrate Judge David F. Jordan and moved for a protective order to prevent plaintiff from further *ex parte* contacts with these putative employees. In an Order dated March 30, 1993, Magistrate Jordan denied defendants' motion. Now before this Court is an appeal from that Order.

*DISCUSSION*

Relying on Disciplinary Rule 7–104(a) of the New York Code of Professional Responsibility, defendants argue that plaintiff should not be allowed to directly contact its putative employees because these persons are represented by defendants' counsel. Defendants also rely on *Curley v. Cumberland Farms,* 134 F.R.D. 77, 93–95 (D.N.J.1991), a private suit in which the court approved plaintiff's waiver of its attorney work-product protection; required plaintiff to keep a log of its attempts to contact defendants' former employees; required plaintiff to keep notes of any *ex parte* meetings held with such former employees; and required plaintiff to make the aforementioned log and notes available to defendants upon demand.[1]

In the instant case, plaintiff first notes that section 11(a) of the Fair Labor Standards Act expressly authorizes the administrator of the Wage and Hour division to "investigate and gather data regarding the wages, hours and other conditions and practices of employment ... [and] question such employees, and investigate such facts, conditions, practices or matters as he may deem necessary or appropriate.... 29 U.S.C. § 211(a). Moreover, plaintiff notes that defendants do not claim that any of the persons contacted by plaintiff are defendants' managerial employees. In fact, defendants claim that, with the exception of five individuals, all the persons contacted are independent contractors and not defendants' employees at all. Therefore, there is no basis for defendants' underlying assumption that the putative employees are represented by counsel.

Plaintiff also notes that *Curley* is a nonbinding, minority position and urges the Court to follow such cases as *Bouge v. Smith's Management Corp.,* 132 F.R.D. 560 (D.Utah 1990) and *Niesig v. Team I,* 76

1. Defendants also note that in *Secretary of Labor v. Midpont Registry, Inc.,* 92–CV–5058 (D.N.J.) Judge Politan criticized the government's use of the exact same address verification letter used by plaintiff in the instant case to contact the 438 putative All Care employees. Judge Politan approved a modification of that letter which informed the recipients that their cooperation with the government would be voluntary and that they have the right to contact their own lawyer. Although the Court finds the modified version of the letter to be more appropriate than the version used by plaintiff in this case, that issue is not directly before the Court and the Court will not require plaintiff to send out a supplementary letter. *See Dole v. Malcolm Pirnie, Inc.,* 89–CV–3554 (S.D.N.Y. October 25, 1989) (permitting the defendant to send a letter to its employees to advise them that their cooperation with the government was voluntary and that they could contact their own lawyer).

N.Y.2d 363, 559 N.Y.S.2d 493, 558 N.E.2d 1030 (Ct.App.1990) in which defendants unsuccessfully sought protective orders to prevent plaintiffs from making *ex parte* contacts with defendants' low-level employees by claiming that such employees were represented by defendants' counsel. *See also Secretary of Labor v. Gotham Registry, Inc. et ano,* (S.D.N.Y. 92–CV–6381) (at a conference held on May 21, 1993, Judge Stanton denied a protective order under circumstances paralleling the instant case).

Under the facts of this case, it seems clear that where contact with defendants' employees is expressly authorized by statute; defendants have access to all the recipients of plaintiff's address verification letter; none of these recipients are alleged to be defendants' managers; and defendants claim that the putative employees are actually "independent contractors," there is no reason why plaintiffs should be prevented from making further, unrestricted *ex parte* contacts with defendants' putative employees.

Accordingly, for the aforementioned reasons, Magistrate Jordan's Order of March 30, 1993 is affirmed.

SO ORDERED.